IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr281-MHT |
| AMORY QUENTIN JAMAR DUDLEY | ) | |
| and SHENEKA L. DUDLEY | ) | |
| MITCHELL | ) | |

## OPINION AND ORDER

This cause is before the court on the oral motions to continue made in open court on this date by the government and defendants Amory Quentin Jamar Dudley and Sheneka L. Dudley Mitchell.  For the reasons set forth below, the court finds that jury selection and trial, now set for June 23, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, the government, Dudley, and Mitchell in a speedy trial.  First, based on new information that came to light last month during parallel state proceedings, Dudley wishes again to file a previously withdrawn motion to suppress; he contends that the Central Alabama Drug Task Force collected evidence in violation of his Fourth Amendment rights.  Second, Dudley is currently assessing whether to retain new counsel; Dudley is in communication with attorney Bruce Maddox, but as not yet retained Maddox.  Third, the government needs more time to assess discovery that it anticipates will be provided soon by state officials; this discovery may influence whether the government elects to dismiss the pending federal charges.  Fourth, the parties agree that it is in the interest of the court, the government, Dudley, and Mitchell that Dudley and Mitchell be tried simultaneously if the federal charges stand.

Accordingly, it is ORDERED as follows:

(1) The government's and defendants Amory Quentin Jamar Dudley and Sheneka L. Dudley Mitchell's motions to continue, made in open court today, are granted.

(2) The jury selection and trial, now set for June 23, 2008, are reset for September 22, 2008, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.  NO FURTHER CONTINUANCES WILL BE ALLOWED.

IT is further ORDERED that defendants Dudley and Mitchell are allowed until June 27, 2008, to file any motions to suppress.

DONE, this the 19th day of June, 2008.

                                       /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE